
CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 13 2016

JULIA C. DUDLEY, CLERK
BY: /s/
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL ALVIN YOUNG, <br> Petitioner, | ) <br> ) <br> ) | Civil Action No. 7:15-cv-00149 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| HAROLD CLARKE, <br> Respondent. | ) <br> ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Michael Alvin Young, a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the motion to dismiss and dismiss the petition.

## I.

On March 31, 2011, Petitioner and Billy Ray Carter were guests at the home of Jackie Ballard. Early that morning, Petitioner made a 911 call to report that his throat had been cut by Carter. Petitioner refused to press charges and said that he "takes care of his own business." Petitioner, who had left the apartment where Carter was staying with Ballard, returned and then left again when Carter did not come out the room in which he was sleeping. Petitioner returned an hour and a half later and confronted Carter. As they argued, Petitioner drew a firearm and, despite Ballard's efforts to calm him, fatally shot Carter in the head. Carter had not removed his right hand from his right pocket before being shot. As he fell to the floor dead, his empty hand came out of his right pocket. A knife was found in his left pocket.

Notably, a jury trial for charges of second-degree murder, use of a firearm and maliciously shooting a firearm in an occupied dwelling occurred simultaneously with a bench

trial for a charge of being a felon in possession of a firearm. Petitioner was convicted of all counts and sentenced to eighteen years' incarceration.

During the appeal to the Court of Appeals of Virginia, the Commonwealth filed a motion to correct the trial transcript, which Petitioner did not oppose. Consequently, the Court of Appeals of Virginia granted the motion, noting:

> While the original transcript reflects the Commonwealth stated it was resting with respect to the charges before both the court and the jury, the Commonwealth has moved without opposition to correct the transcript. Upon review of the motion and attached correction by the court reporter, we conclude the transcript should be corrected to state the Commonwealth <u>rested</u> <u>only</u> <u>with</u> <u>respect</u> <u>to</u> <u>the</u> <u>charges</u> <u>before</u> <u>the jury</u>.

Young v. Commonwealth, No. 2326-12-3, slip op. at 2 n.2 (Va. Ct. App. Aug. 28, 2013) (citing Va. Code § 8.01-428) (emphasis added). The Court of Appeals of Virginia ultimately affirmed the convictions, and the Supreme Court of Virginia refused the petition for appeal. The Supreme Court of Virginia also dismissed Petitioner's petition for a writ of habeas corpus after considering the merits of various ineffective assistance of counsel claims.

In his federal habeas petition, Petitioner presents three claims of ineffective assistance of counsel: counsel was ineffective on appeal; counsel was ineffective for not objecting to the prosecutor's misrepresentation of facts; and counsel was ineffective for not objecting to the admission of evidence after the Commonwealth had rested. Respondent concedes that these claims are exhausted but argues that they have no merit. After reviewing the record, I agree with Respondent and dismiss the petition.

## II.

A federal court may grant habeas relief from a state court judgment "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United

2

States." 28 U.S.C. § 2254(a). After a state court addresses the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudication of a claim is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 180-81 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

A federal court may issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C.

3

§ 2254(e)(1)). Finally, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010).

A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 671 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness.[1] Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2] Id. at 694.

## A.

Petitioner first claims that counsel was ineffective by not properly presenting the issue of self-defense to an appellate court. On direct appeal, counsel asserted that the evidence was insufficient to convict him of second-degree murder, maliciously discharging a firearm in an occupied building, and use of a firearm in the commission of murder. The Court of Appeals

---

[1] "[A]n attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998) (internal quotation marks omitted). Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential[,]" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. "[E]ffective representation is not synonymous with errorless representation[.]" Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978). The right to effective assistance of counsel exists only where the right to counsel exists in the first place. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982).

[2] If a petitioner has not satisfied one prong of the Strickland test, a court does not need to inquire whether petitioner has satisfied the other prong. Id. at 697.

4

dismissed this claim on direct appeal due to counsel's "overly broad" assignment of error, in violation of Rule 5A:12 of the Rules of the Supreme Court of Virginia. Young v. Commonwealth, No. 2326-12-3, at 3-4. The Supreme Court of Virginia refused to reconsider the Court of Appeals' decision on direct appeal and found no prejudice on habeas review:

> Petitioner fails to show that he would have prevailed had the Court of Appeals considered the matter. The record, including the trial transcript, demonstrates that, hours after Billy Carter cut petitioner's neck with a knife, petitioner went to the apartment where Carter was staying. Petitioner and Carter began to argue and petitioner pulled out a handgun and shot and killed Carter. The only witness present saw Carter with his hand in his pocket where Carter usually kept a knife. The witness never saw Carter move toward petitioner or remove his hand or display the knife. Viewed in the light most favorable to the Commonwealth, this evidence was sufficient to sustain petitioner's convictions for second degree murder, maliciously discharging a firearm in an occupied building, and use of a firearm in the commission of a murder.

Young v. Dir. of the Va. Dep't of Corr., No. 141063, slip op. at 2-3 (Va. Dec. 12, 2014).

I find that Petitioner fails to establish prejudice from not presenting a claim of self-defense to overcome the evidence of guilt. After an earlier altercation with the victim, Billy Ray Carter, Petitioner returned and attempted to wake up Carter. Getting no response, Petitioner left but returned with a firearm ninety minutes later. As Petitioner and Carter began arguing, Petitioner drew the gun and shot Carter in the head, killing him. Thus, it was Petitioner who reinitiated the argument and who shot Carter before Carter had brandished a weapon.

"Killing in self-defense may be either justifiable or excusable homicide. Justifiable homicide in self-defense occurs where a person, <u>without any fault on his part in provoking or bringing on the difficulty</u>, kills another under reasonable apprehension of death or great bodily harm to himself." Avent v. Commonwealth, 279 Va. 175, 199, 688 S.E.2d 244, 257 (2010) (quotation marks and citations omitted) (original emphasis). "Excusable homicide in self-

5

defense occurs where the accused, although in some fault in the first instance in provoking or bringing on the difficulty, when attacked retreats as far as possible, announces his desire for peace, and kills his adversary from a reasonably apparent necessity to preserve his own life or save himself from great bodily harm." Id., 279 Va. at 200, 688 S.E.2d at 257-58.

Petitioner was at fault in confronting Carter and could not claim his killing was justifiable. Also, the murder was not excusable because, at that time, Petitioner was not attacked, did not retreat, and did not prove "a reasonably apparent necessity to preserve his own life or save himself from great bodily harm." Consequently, Petitioner failed to establish actual prejudice.

## B.

Petitioner argues that counsel erred by not challenging the Commonwealth's misrepresentation of the nature of the felony for which Petitioner had previously been convicted. Petitioner alleges that the prosecutor improperly described Petitioner's prior felony as a grand larceny instead of possession of cocaine. The Supreme Court of Virginia ruled that Petitioner had satisfied neither prong of Strickland because "[t]he record, including the trial transcript, demonstrates the prosecutor never stated that petitioner's prior conviction was for grand larceny."

In argument before sentencing, the prosecutor described Petitioner's criminal record as "an alcohol conviction, some disorderly conduct, the felony conviction but he's not lived a long life of crime." Petitioner's felony conviction was introduced only to the trial court for its bench trial and was not mentioned until after the jury left the courtroom for a recess. After reviewing

6

the record, I find there was nothing to which defense counsel could have objected, and thus, no ineffectiveness was apparent in the record.

## C.

Lastly, Petitioner argues that counsel should have objected to the Commonwealth's presentation of documentary evidence after it had rested. The amended transcript reflects that the prosecutor said at the end of the Commonwealth's case, "[T]he Commonwealth rests as regards to the charges before the jury." As soon as the jury had left the courtroom, the prosecutor said, "Your Honor, we rested as to the cases before the jury. We still have one exhibit left for the bench." Counsel objected, "I thought he rested entirely, Your Honor. Is he moving to reopen? I object." The trial court replied, "Well he did limit that to the cases before the jury."

> The Supreme Court of Virginia ruled that neither Strickland prong had been satisfied.
>
>> The record, including the trial transcript, demonstrates that after resting its case on the charges before the jury, the Commonwealth moved to admit records of petitioner's prior convictions. Petitioner's counsel objected, arguing the Commonwealth had rested its case and should not be permitted to reopen it. The trial court overruled the objection, holding the Commonwealth had not rested as to the charge of possession of a firearm by a convicted felon, which was before the court. Petitioner fails to proffer any further objection counsel could have made regarding the admission of this evidence.

Young v. Dir. of the Va. Dep't of Corr., No. 141063, slip op. at 3. Petitioner does not establish actual prejudice as the amended transcript reveals that the Commonwealth rested only as to the charges presented to the jury, not to the trial court.

## III.

For the foregoing reasons, I grant Respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that Petitioner has not made the

7

requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 13th day of June, 2016.

/s/ Jackson L. Kiser
Senior United States District Judge